## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 21-mj-403 (RMM)** |
| | ) | |
| **LANDON KENNETH COPELAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Mr. Copeland appeared in the District of Utah on April 29, 2021 for an initial appearance pursuant to Rule 5(c)(3) of the Federal Rules of Criminal Procedure. During that hearing the presiding magistrate judge appointed counsel to represent Mr. Copeland and ordered him released on conditions. On May 6, 2021, Mr. Copeland appeared before the undersigned magistrate judge for his initial appearance in the District of Columbia. Mr. Copeland's court-appointed counsel from Utah appeared at the hearing and raised concerns about Mr. Copeland's mental state.  The Court subsequently determined that Mr. Copeland's statements and conduct raised questions about his competency to stand trial, and concluded that a preliminary screening of Mr. Copeland's competency was warranted.  Counsel for Mr. Copeland and the United States did not oppose the competency screening.

On May 7, 2021, the District of Utah issued a warrant for Mr. Copeland's arrest, based on a petition in which the U.S. Pretrial Services Office alleged that Mr. Copeland had violated the release conditions set by the District of Utah.  Mr. Copeland is being detained pending a May 17, 2021 evidentiary hearing on the alleged pretrial release violation.

Pursuant to 18 U.S.C. § 4241, and for the reasons stated on the record by counsel for Mr. Copeland, the Court's observations of Mr. Copeland during the hearing, and the facts outlined in connection with Mr. Copeland's alleged violation of release conditions, it is

**ORDERED** that Mr. Copeland be examined by Dr. Grant, a psychologist for the District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch ("DBH") for the purpose of a forensic screening for a preliminary assessment of his competency, and that after such examination a report be made to this Court as to:

(1) Whether Mr. Copeland is presently mentally competent to understand the proceedings against him and to properly assist in the preparation of his defense; and

(2) If the answer to the preceding question is in the negative, whether the examining psychiatrist believes Mr. Copeland should be transferred to a mental facility for further examination and treatment?

The Court respectfully requests, but does not order, that the report generated as a result of this initial screening be completed within 48 hours of Mr. Copeland's evaluation, subject to the availability of staff resources to honor this request.

It is **FURTHER ORDERED** that the appropriate officials at the facility where Mr. Copeland is detained coordinate with Dr. Grant to make him available for a remote screening on Monday, May 24, 2021, at a time directed by Dr. Grant

It is **FURTHER ORDERED** that the Assistant United States Attorney assigned to this matter shall immediately submit the paperwork necessary to ensure the timely payment of the

DBH for the forensic screening report.  The assigned Assistant United States Attorney shall co-ordinate payment through the appropriate personnel in the United States Attorney's Office for the District of Columbia.

It is **FURTHER ORDERED** that the parties and Mr. Copeland shall appear telephoni-cally before the undersigned for a further hearing on this matter on May 26, 2021 at 3:30 p.m. The hearing currently scheduled for May 19, 2021 is hereby VACATED.

It is FURTHER ORDERED that the prior Order entered by this Court directing that Mr. Copeland undergo a forensic screening is VACATED, as it is superseded by this Order.

_____
ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE